IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

STEPHEN M. STRADTMAN,            )
                                 )
     Plaintiff,                  )
                                 )
          v.                     )      1:14CV1289 (JCC/JFA)
                                 )
REPUBLIC SERVICES, INC.,         )
et al.,                          )
                                 )
     Defendants.                 )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion to Strike Defendants' Expert Lyman Johnson.  [Dkt. 95.]  For the following reasons, the Court will deny the motion.

**I. Background**

Plaintiff Stephen M. Stradtman ("Plaintiff") claims that Defendants Republic Services, Inc., Republic Services of Virginia, LLC, and Ronald Krall (collectively "Defendants") tortuously interfered with contractual relations and business expectancies regarding his former employment as the Chief Executive Officer ("CEO") of Otto Industries North America, Inc. ("Otto").  (Compl. [Dkt. 1-3] at ¶¶ 121-140.)  In general, Plaintiff claims that Defendants caused his resignation from Otto in retaliation for a discrimination lawsuit that Plaintiff's wife had filed against Defendants.  (See generally

1

id.)  Discovery was completed on April 10, 2015.  (Scheduling
Order [Dkt. 20].)  The parties appeared for a Final Pretrial
Conference on April 16, 2015 and set the matter for a jury trial
commencing on July 6, 2015.

On March 11, 2015, Defendants disclosed the expert
report of Mr. Lyman Johnson (the "Report"), who opines and
intends to testify regarding Plaintiff's corporate governance
responsibilities as the CEO of Otto.  In the Report, Mr. Johnson
concludes:

> (1) Under standard corporate practice, the
> Otto Board, not Stradtman as CEO, was
> ultimately responsible for acting to direct
> and oversee the business and affairs of
> Otto, including how Otto would act in
> relation to Republic, with whom it had a
> contractual relationship.
>
> (2) Upon assessing his conduct in context,
> it is my opinion that Stradtman was not
> required to resign as CEO of Otto in order
> to fulfill his governance responsibilities
> or comply with his fiduciary duties.  He had
> no fiduciary duty to resign as he did.

(Report [Dkt. 96-1] at 4.)  Plaintiff now moves to strike Mr.
Johnson as an expert witness in this matter.  (Pl.'s Mot. to
Strike [Dkt. 95]; Pl.'s Mem. in Supp. [Dkt. 96].)

In support of his motion, Plaintiff argues that Mr.
Johnson draws impermissible legal conclusions regarding
Plaintiff's fiduciary duties that would not otherwise assist a
jury in its understanding of the case, and that Mr. Johnson's

2

expert testimony is based on incorrect information that would

otherwise mislead the jury.  (Pl.'s Mem. at 3-8; 8-12.)

Defendants oppose Plaintiff's motion and argue Mr. Johnson's

proposed testimony is proper.  (Defs.' Opp'n [Dkt. 102].)  Fully

briefed and argued, this motion is ripe for disposition.

## II. Legal Standard

Rule 702 of the Federal Rules of Civil Procedure

provides:

> A witness who is qualified as an expert by
> knowledge, skill, experience, training, or
> education may testify in the form of an
> opinion or otherwise if: (a) the expert's
> scientific, technical, or other specialized
> knowledge will help the trier of fact to
> understand the evidence or to determine a
> fact in issue; (b) the testimony is based
> upon sufficient facts or data; (c) the
> testimony is the product of reliable
> principles and methods; and (d) the witness
> has reliably applied the principles and
> methods to the facts of the case.

Fed. R. Evid. 702.  Pursuant to their role as gatekeepers,

district court judges must act to ensure that expert testimony

is relevant and reliable.  Cooper v. Smith & Nephew, Inc., 259

F.3d 194, 199 (4th Cir. 2001) (quoting Daubert v. Merrell Dow

Pharm., Inc., 509 U.S. 579, 588 (1993)).  The gatekeeping

requirement is meant "to ensure that the expert witness in

question in the courtroom employs the same level of intellectual

vigor that characterizes the practice of an expert in the

relevant field."  United States v. Barnette, 211 F.3d 803, 815-

16 (4th Cir. 2000) (citing Kumho Tire Co. v. Carmichael, 526
U.S. 137, 152 (1999)).  Ultimately, however, a district court's
decision with respect to the admissibility of expert testimony
"is always a flexible one, and the court's conclusions
necessarily amount to an exercise of broad discretion guided by
the overarching criteria of relevance and reliability."  Oglesby
v. Gen. Motors Corp., 190 F.3d 244, 250 (4th Cir. 1999).

        The district court may also exclude expert testimony
if it does not aide the finder of fact.  United States v.
Barile, 286 F.3d 749, 760 (4th Cir. 2002) (citing Kopf v. Skyrm,
993 F.2d 374, 377-78 (4th Cir. 1993) (stating that while "[a]n
opinion is not objectionable simply because it embraces an
ultimate issue to be decided by the trier of fact . . . such an
opinion may be excluded if it is not helpful to the trier of
fact under Rule 702") (internal quotation omitted)).  "The
touchstone of the rule is whether the testimony will assist the
jury."  United States v. Offill, 666 F.3d 168, 175 (4th Cir.
2011).  Legal conclusions or testimony that merely tells the
jury what result to reach is not likely to assist the jury in
its determination and is excludable.  Barile, 286 F.3d at 760
(citing Woods v. Lecureux, 110 F.3d 1215, 1220 (6th Cir. 1997)).
The Fourth Circuit has held that "it does not help the jury for
an expert to give testimony that states a legal standard or
draws a legal conclusion by applying law to the facts, because

4

it supplies the jury with no information other than the witness's view of how the verdict should be read." Offill, 666 F.3d at 175 (quoting United States v. McIver, 470 F.3d 550, 562 (4th Cir. 2006); Weinstein's Federal Evidence § 704.04[2][a] (2d ed. 2003)) (internal quotations omitted).  The Court must therefore "distinguish opinion testimony that embraces an ultimate issue of fact from opinion testimony that states a legal conclusion.  This task, however, is not an easy one." Barile, 286 F.3d at 760 (citing Owen v. Kerr-McGee Corp., 698 F.2d 236, 240 (5th Cir. 1983) ("[S]eparating impermissible questions which call for overbroad legal responses from permissible questions is not a facile one.")).

### III. Analysis

In short, Plaintiff contends that Mr. Johnson's testimony would usurp the jury's ultimate fact-finding role and not assist the jury in understanding the nature of fiduciary duties and corporate governance.  (Pl.'s Mem. at 6-8.) Alternatively, Plaintiff argues that Mr. Johnson's testimony should be excluded as unreliable because he bases his opinion on the fact that Plaintiff was not a member of Otto's Board of Directors when, in fact, Plaintiff was a member of the Board. (Id. at 10-12.)  The Court disagrees with both arguments and will deny the motion to strike Mr. Johnson as an expert.

Aware of its gatekeeping role described above, when assessing whether expert testimony will assist the jury, the Court is primarily concerned with ensuring the expert does not simply provide his or her "view of how the verdict should read." Offill, 666 F.3d at 175 (citations omitted); Barile, 286 F.3d at 760 (quoting Weinstein's Federal Evidence § 704.04[2][a] (2d ed. 2001)).  That is not the thrust of Mr. Johnson's testimony here. To be clear, Mr. Johnson does offer legal conclusions regarding Plaintiff's fiduciary duties and the corporate governance of Otto in his report, and he intends to so testify if called at trial.  (See The Report at 4.)  However, the Court is able to distinguish this type of opinion testimony that states a legal conclusion from "opinion testimony that embraces an ultimate issue of fact."  Barile, 286 F.3d at 760 (citation omitted). The ultimate issue for the jury in this case is whether Defendants tortuously interfered with Plaintiff's contractual relations and business expectancies with Otto.  (See Compl. ¶¶ 121-140.)  Plaintiff's role as CEO of Otto, and any associated fiduciary duties that arise from that position constitute collateral issues, and any expert testimony on those issues will necessarily assist the jury in rendering a verdict on the ultimate tortious inference claim.

This Court regularly excludes expert testimony that opines or offers a legal conclusion as to the ultimate issue in

the case, a decision that resides only with the factfinder. See, e.g., Rueda v. Clarke, No. 1:14cv699 (LMB/IDD), 2015 WL 1236226, at *5 n.5 (E.D. Va. Mar. 17, 2015) (disregarding attorney's affidavit wherein he admitted under oath that he provided ineffective assistance, which was the ultimate issue for the Court to decide in a habeas corpus petition) (citations omitted); The Harvester, Inc. v. Rule Joy Trammel & Rubio, LLC, No. 3:09cv358, 2010 WL 2653373, at *7 (E.D. Va. July 2, 2010) (striking an expert's opinion concerning "the interpretation of a statute, a matter not properly left to an expert witness, but rather to the Court."). Mr. Johnson's proposed testimony here does not render a conclusion on the ultimate issue at trial, and therefore, the Court will deny the motion.

In the alternative, Plaintiff contends that Mr. Johnson's testimony should be excluded as unreliable because it is based on the incorrect information that Plaintiff did not serve on Otto's board of directors. (Pl.'s Mem. at 8-12.) However, "it is [Mr. Johnson's] understanding that [Plaintiff] was not in 2012 a stockholder of Otto, but that [Plaintiff] was a member of its Board." (The Report at 12.) Thus, Plaintiff's argument in this regard is simply misplaced, and the Court will deny the motion on this basis as well.

## IV. Conclusion

For the foregoing reasons, the Court will deny the

motion to strike Defendants' expert Lyman Johnson.

An appropriate Order shall issue.


_____/s/_____
April 28, 2015                James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE