IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| STEPHEN M. STRADTMAN, <br><br> Plaintiff, <br><br> v. <br><br> REPUBLIC SERVICES, INC., *et al.*, <br><br> Defendants. | CA 1:14cv1289 (JCC/JFA) |

## RESPONSE TO MOTION FOR CLARIFICATION

Defendants Republic Services, Inc., Republic Services of Virginia, LLC, ("Republic Services") and Ronald Krall (collectively "Defendants"), by counsel, submit their response to Plaintiff's Motion for Clarification.

## INTRODUCTION

Plaintiff seeks to revise this Court's May 8, 2015 Order so that he may withhold communications on the basis of the very privileges the Court Ordered had been waived. The Court's ruling was clear and Plaintiff's dissatisfaction with it does not create a basis for revision or need for clarification. Plaintiff should be ordered to produce all responsive communications between Stradtman and his wife, regardless of content or whether they include communications with counsel forwarded or exchanged between the two or others not their attorney.

## ARGUMENT

**Court's Ruling Is Clear.** The Court's ruling is clear:

THE COURT: Why -- I don't understand how you can take the interpretation -- and we went through this whole marital issue and you said, We're waiving it; we're not asserting it. And the only thing that you were able to not do a privilege log on, according to what the joint -- **what the joint discovery plan said and which was adopted by the Court, was only between client and lawyer. And it didn't say any and all attorney-client privilege documents. And so if there is a document between**

19909257v.1

**husband and wife and you've waived any marital privilege and it's responsive to a document request and you have not as of right now put it on a privilege log, then that privilege has been waived.** You understand that?

\* \* \*

THE COURT: Look at the language. It says, Privilege documents sent solely between counsel for a party. It has to be with a lawyer. You waived the marital privilege. **That was the whole issue of raising the marital privilege issue was if you're going to assert it and they're only documents between two individuals and one of them is not a lawyer, then it doesn't fall under this -- this carveout of needing to do a privilege log.** That was clear in our conversations in the earlier hearing.

\* \* \*

THE COURT: You agreed in your joint discovery plan to alter that, but only altered it in a specific way. And that specific way was, we're not going to require the parties to log documents that were sent between client and lawyer. That's what it says. It doesn't say all privilege documents, then, you know, it would have said we're waiving the need to have a privilege log whatsoever. So, this was a specific modification of what the federal rules require. **And what I'm saying -- I mean, and if, you know, husband sends it to wife *and* lawyer, then, you know, arguably you've got -- you come under this rubric of not having to log it. But if it's husband to wife or wife to husband and you waive the marital privilege, then it needed to be logged or it has been waived.**

\* \* \*

THE COURT: All right. So for at least for that issue I understand what you've done, and I'll order you to produce all of those documents, finding that you have waived it -- one, marital privilege would apply -- i**f they're documents in which they were not sent between counsel and the party, client, and only between individuals, they needed to be logged, and that those will -- if they haven't been logged as of right now, I find that the privilege has been waived as to those documents.**

\* \* \*

THE COURT: Well, you know--and, you know, just to make sure you understand that point, I'm not saying that it [the common interest doctrine] couldn't have been asserted. What I'm saying was that it has now been waived because you didn't do what the rules require when you withhold a document from production. **And, you know, whether the joint interest or common client or whatever kind of privilege could have applied, it really doesn't matter anymore because you didn't comply with what the rules require you to do to properly assert a privilege. And for those documents you have waived that privilege by not properly asserting that privilege.**

2

19909257v.1

(Exh. 1, 5/8/15 Hearing Trans. at ppg. 7, 20-25; 8, 1-8; 9, 5-14; 10, 14-25; 11, 1-5, 21-25; 12, 1-5; 22, 21-25; 23, 1-6) (emphasis added)

**The Premise Of Plaintiff's Request Is Wrong.** In his clarification request and in direct contradiction of the Court's Order, Stradtman states that there was no finding that the attorney client privilege had been waived. (Pl. Mot. at 2) Stradtman's assertion is inexplicable.[1] The Court specifically found that by failing to log communications between Stradtman and Taylor which might contain attorney client privileged communications or information, that privilege had been waived. The Court made this point repeatedly in its ruling such that Stradtman's assertion that there has been no waiver seems to lack a good faith basis.[2]

**Forwarded Communications Must Be Produced.** The Court made clear that if a responsive communication was solely between Stradtman and his wife, even if it contained privileged information, it must be produced. (*Id.* at 11, 21-25; 22, 4-9, 18-20) This necessarily includes e-mails solely between Stradtman and Taylor (or to/from/with anyone else other than their attorneys) which forward communications between Stradtman and his lawyer. To find otherwise would be to revise the Court's Order in a manner wholly inconsistent with its underpinning principle, *i.e.* that the failure to log communications between Stradtman and Taylor that might otherwise be privileged, results in a waiver of such privileges.

---

[1] The Court stated, "It's not like the privilege couldn't have been asserted. It's just you've now waived it because you failed to do what you needed to do under the rules to preserve a privilege." (*Id.* at 12, 23-25)

[2] Stradtman seems to argue he is required to produce only those communications that might have been protected by the marital privilege. Stradtman apparently forgets, however, that the marital privilege was waived no later than the April 10, 2015 hearing and, following that hearing, he continued to withhold communications with his wife, claiming for the first time that they were protected by other privileges/doctrines. Accordingly, if Stradtman's latest assertion is correct, he would apparently produce no additional documents in response to the Court's Order.

3

19909257v.1

Stradtman's request to now selectively determine and apply this waiver should be rejected.[3] *See, e.g., Galaxy Computer Services, Inc. v. Baker,* 325 B.R. 544, 559 (E.D. Va. 2005) (refusing to permit party to use privilege as "both a shield and a sword."); *LifeNet, Inc. v. Musculosketal Transplant Foundation, Inc.*, 490 F. Supp.2d 681, 689-90 (E.D. Va. 2007) (rejecting limited waiver because it would allow privilege to be used as both sword and shield). If Stradtman chose to send his wife communications he had with his lawyer and he then chose to waive the marital privilege so that his wife could testify on his behalf, he should have made every effort to protect the forwarded communications by logging them as required. His failure to do so has resulted in a waiver and now requires production of all responsive communications between him and his wife, regardless of content and whether they forward otherwise privileged communications.

**Granting Stradtman's Request Would Eviscerate The Court's Order.** If Stradtman were now permitted to redact and withhold communications with his wife that might have been privileged if they had been logged as required, it would render the Court's Order without meaning. The Court specifically ordered that privileges had been waived, and if Stradtman is now permitted to redact or withhold any potentially privileged portions of his communications with his wife, the waiver and Order would be meaningless.

**Only Communications With Counsel May Be Withheld.** Under the Court's Order, if Stradtman communicated with his lawyer and did not forward or disclose those communications to anyone else, such communication need not be produced. If, however, Stradtman communicated with his lawyer and then decided to discuss or forward those

---

[3] If Stradtman is able to withhold communications with his lawyer that he forwarded to his wife, he will then assert he can withhold excerpts of such communications that he included in e-mails to his wife, and then assert that he can withhold his interpretations of those communications that he included in e-mails to his wife, and so on--until he has produced nothing.

4

communications with and to his wife or others, his failure to log those communications now requires that they be produced.  As the Court ruled, if "husband sends it to wife **and** lawyer,"[4] then the communication did not need to logged.  But, if "it's husband to wife or wife to husband and you waive marital privilege, it needed to be logged or it has been waived."  (*Id.* at 10, 23-25; 11, 1-2) (emphasis added)

## CONCLUSION

Consistent with the Court's May 8, 2015 Order, Stradtman should immediately produce all responsive communications between him and his wife without redaction or alteration, including communications with his attorney that he forwarded to his wife or others.

May 18, 2015                               Respectfully submitted,

By: /s/ Christine M. Costantino
Christine M. Costantino, Va. Bar No. 86986
ccostantino@seyfarth.com
Raymond C. Baldwin (admitted *pro hac vice*)
rbaldwin@seyfarth.com

SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
Telephone: 202.463.2400
Facsimile: 202.828.5393

Bernard J. DiMuro (VSB #18784)
bdimuro@dimuro.com
Jonathan R. Mook (VSB #19177)
jmook@dimuro.com
M. Jarrad Wright (VSB #68814)

---

[4] If Stradtman wanted to forward to his wife communications he had with his lawyer, he should have included his lawyer on the forwarded communication or logged them as required.  His failure to take either of these basic protections necessarily means that all forwarded communications must be produced.

5

19909257v.1

mjw.right@dimuro.com

DIMURO GINSBERG, P.C.
1101 King Street, Suite 6.10
Alexandria, VA 22314-2956
Telephone: 703.684.4333
Facsimile: 703.548.3181

6

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 18, 2015, a true and correct copy of foregoing Response to Plaintiff's Request for Clarification was served via ECF on:

   Carla D. Brown
   CHARLSON BREDEHOFT COHEN & BROWN, P.C.
   11260 Roger Bacon Drive, Suite 201
   Reston, Virginia  20190
   *cbrown@cbcblaw.com*


          By:  / s /  Christine Costantino
            Christine Costantino (VSB # 86986)
            SEYFARTH SHAW LLP
            975 F Street, N.W.
            Washington, DC  20004
            Telephone:  202-463-2400
            Facsimile:  202-828-5393
            ccostantino@seyfarth.com

            *Counsel for Defendants*