IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| STEPHEN M. STRADTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:14cv1289 (JCC/JFA) |
| ) | |
| REPUBLIC SERVICES, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Republic Services, Inc., Ronald Krall, and Republic Services of Virginia, LLC's (collectively "Defendants") Motion to Strike Deposition Errata Sheet of Plaintiff Stephen M. Stradtman ("Stradtman"). [Dkt. 148.]  For the following reasons, the Court will grant the motion in part and deny it in part.

### **I. Background**

Stradtman claims that Defendants tortiously interfered with contractual relations and business expectancies regarding his former employment as the Chief Executive Officer ("CEO") of Otto Industries North America, Inc. ("Otto").  (Compl. [Dkt. 1-3] at ¶¶ 121-140.)  In general, Stradtman claims that Defendants caused his resignation from Otto in retaliation for a discrimination lawsuit that Stradtman's wife, Jennifer Taylor

1

("Taylor") had filed against Defendants.  (*See generally id.*)

Defendants move to strike two changes to Stradtman's March 23, 2015 deposition and one change to his April 9, 2015 deposition.  (Defs.' Mem. in Supp. [Dkt. 149] at 2, 5.)  Stradtman has withdrawn the errata sheet concerning his testimony on page 354 of his April 9, 2015 deposition, and as such Defendants' motion as to that errata sheet is moot.  (Pl.'s Opp. [Dkt. 157] at 1.)  Defendants move to strike the changes to the March 23 deposition on grounds that the changes are substantive.  (Defs.' Mem. in Supp. at 5-7.)  Having been fully briefed and argued, this motion is ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 30(e) allows a deponent to review the transcript or recording of the deposition and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e).  Thus, Rule 30(e) allows a deponent to submit an errata sheet detailing corrections to his deposition testimony.  "[T]he purpose of an errata sheet is to *correct alleged inaccuracies* in what the deponent said at his deposition, not to modify what the deponent *said* for tactical reasons or to reflect what he wishes he had said."  *Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 465 (E.D. Va. 2011) (citation and internal quotation marks omitted) (emphasis

2

in original).  Altering deposition testimony to make substantive changes, rather than technical or typographical changes, is an impermissible use of errata sheets.  *Lee v. Zom Clarendon, L.P.*, 689 F. Supp. 2d 814, 816 n.3 (E.D. Va. 2010).

### III. Analysis

Defendants seek to strike two of Stradtman's changes to his March 23 deposition.  As to the first change, Stradtman originally testified:

> Q: Okay.  Do you know among those four possibilities at McCandless who actually owned or rented the scanners that were being used?
>
> A: No, I don't.

(Defs.' Mem. in Supp., Ex. C, at 171:19-22.[1])  Stradtman wants to change his answer from "No, I don't" to "Republic." (Defs.' Mem. in Supp., Ex. A, at 2.)  Stradtman listed the reason for the change as "after deposition I show [sic] docs [sic] showing Brent Bowker requesting capital to purchase scanners."  (*Id.*)

One of Stradtman's claims in this case is that the problems with delivery of trash carts by Otto in McCandless, Pennsylvania, were either caused by or exaggerated by Republic. Scanners are used to track the delivery of each cart to a specific home.  According to Defendants, Stradtman's proposed

---

[1] Pagination is according to the original deposition.  Page 171 of Stradtman's March 23, 2015 deposition is on page 44 on CM/ECF.

3

change "lay[s] blame at the feet of Republic for delivery issues in McCandless." (Defs.' Mem. in Supp. at 5.)

Defendants' motion to strike this change will be granted. On the same page of the deposition, Stradtman testified:

> Q: Where did the – who owns the devices, the scanners in the McCandless project?
>
> A: I could be – it could be us or the third party or Republic or the city.
>
> Q: Are they rented or are they – does Otto rent these things or do you own them?
>
> A: Probably both.
>
> Q: All right.
>
> A: I know we own some.
>
> Q: Okay.
>
> A: We may have rented some.
>
> Q: Do you know if in the McCandless project these scanners were rented or owned by Otto, the sub, Republic, or the municipality?
>
> A: It could have been some of – it could have been some of all of that. As far as what the actually sub was using with his people, I can't tell you.
>
> Q: Okay. Do you know among those four possibilities at McCandless who actually owned or rented the scanners that were being used?
>
> A: No, I don't.

4

(Defs.' Mem. in Supp., Ex. C, at 171:1-22.)  Stradtman was asked several times if he knew who owned or rented the scanners for McCandless, and several times he gave equivocal answers.  Read in its proper context, changing the last question in this series of confirmatory questions from "No, I don't" to "Republic" would be a substantive change and therefore is an impermissible use of an errata sheet.  *See Touchcom, Inc.*, 790 F. Supp. 2d at 465 (stating that Rule 30(e) "cannot be interpreted to allow one to alter what was said under oath.  If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses.  Depositions differ from interrogatories in that regard.  A deposition is not a take home examination.").  *Id.* (citation and internal quotation marks omitted).  Therefore, Defendants' motion to strike this change on the errata sheet will be granted.

Defendants also move to strike another change to Stradtman's March 23 deposition.  Stradtman first testified:

> Q: What personal knowledge do you have of Mr. Krall going out of his way to create a problem or –
>
> A: In January, okay, mass e-mail why the problems with Otto in Pittsburgh again.

(Defs.' Mem. in Supp., Ex. C, at 300:22 – 301:4.[2])  Stradtman wants to correct his testimony to read:

---

[2] The relevant deposition pages are pages 76 and 77 on CM/ECF.

> Q: What personal knowledge do you have of Mr. Krall going out of his way to create a problem or –
>
> A: In January, okay, [Krall sends a mass distributed email saying "why the problems with Otto in Pittsburgh again," before an Otto Problem was identified] mass e-mail why the problems with Otto in Pittsburgh again.

(Defs.' Mem. in Supp., Ex. A, at 3.)

After the question and answer at issue here, Stradtman's testimony is as follows:

> Q: Right.
>
> A: Blasting it to everyone when there was not an Otto problem in Pittsburgh again.
>
> Q: What project was that email about?
>
> A: I don't know.  He referred to it as Pittsburgh again.
>
> Q: Right.  But you don't know what project –
>
> A: I can't remember the name of that project.
>
> Q: Did you investigate that project?
>
> A: Yes, I did.
>
> Q: And what did you find?
>
> A: No problem.  Republic reported no problems.

(Defs.' Mem. in Supp., Ex. C, 301:5-17.[3])  Stradtman's original deposition testimony is indecipherable, and the proposed correction does not make Stradtman's testimony much more

---

[3] CM/ECF page 77.

6

intelligible.  Nonetheless, the Court finds that Stradtman's proposed changes are not substantive.  Stradtman's correction is an attempt to clarify his testimony. It does not appear that the change is inconsistent with his later testimony or would substantively alter his testimony.  (*See* Defs.' Mem. in Supp., Ex. A, at 3 ("Reason for change: clarity").)  Therefore, Defendants' motion to strike this change will be denied.

### IV. Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Defendants' motion.  An appropriate order will issue.

|  |  |
|---|---|
| | /s/ |
| May 26, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

7